[No. 10220.  Department Two.  June 26, 1912.]

THE STATE OF WASHINGTON, *on the Relation of George Holtzner, Respondent*, v. WILLIAM BOTHWELL, *as Clerk of the City of Seattle, Appellant.*[1]

ELECTIONS—MUNICIPAL PRIMARY ELECTIONS—FEES.  Under Rem. & Bal. Code, § 4805, which provides that the state primary election law shall not apply to nomination of candidates for municipal elective offices in cities of the first class which have adopted a nonpartisan method of nominating candidates, the city clerk in such cities cannot collect the filing fee required by Id., § 4808 of the state law, the city charter making no provision for the payment of such a fee.

Appeal from a judgment of the superior court for King county, Dykeman, J., entered January 16, 1912, in favor of the plaintiff, in mandamus proceedings, upon overruling a demurrer to the application.  Affirmed.

*James E. Bradford* and *Howard A. Hanson*, for appellant.

*Hulet M. Wells*, for respondent.

MOUNT, J.—This proceeding in mandamus was brought in the lower court to compel the city clerk of the city of Seattle to accept and file the nominating petition of the relator as a candidate for the office of councilman in that city without the payment of a fee therefor.  The only question presented is, whether the city clerk of Seattle is authorized to collect such fee under the city charter and state

[1]Reported in 124 Pac. 371.

laws. The lower court held that the clerk was not so authorized, and issued the writ. The city clerk has appealed.

Section 2 of the state primary election law provides, that all candidates for elective municipal offices,

"shall be nominated at a direct primary election held in pursuance of this act . . . Provided further, that the provisions of this act shall not apply to nominations of candidates for municipal elective offices in cities of the first class which have adopted or may hereafter adopt charters under section 10, article 11, of the state constitution, where such charters have provided or may hereafter provide a nonpartisan method or methods of nominating candidates for municipal elective offices; and all such cities shall have the right and power to provide in their charters for any method or methods of nonpartisan nomination of candidates for their elective offices as they may desire." Rem. & Bal. Code, § 4805.

Section 5 of that act provides for certain fees from persons who shall desire to become candidates, and that, when such fees are for municipal offices, payment shall be made to the city clerks. Laws 1909, page 170; Rem. & Bal. Code, § 4808. The city of Seattle, a city of the first class, in March, 1910, amended its charter, and thereby adopted a nonpartisan method of nominating candidates for its elective offices. The city charter by this amendment provides a complete system or method for a nonpartisan primary nomination. It makes no provision for the payment of fees by persons who seek to become candidates at such primary nominating election. Counsel for appellant argue that the provisions of § 5 of the state primary law apply to this case, because the legislature intended only to authorize cities of the first class to adopt a nonpartisan method instead of a partisan method of nomination, and therefore that all the provisions of the state law apply to such cities except those provisions which relate to the partisan method. We think no such construction can be applied to the state law. As we have seen above, § 2 of the statute provides:

"This act shall not apply to nominations of candidates for municipal elective offices in cities of the first class which have adopted . . . a nonpartisan method or methods of nominating candidates for municipal elective offices; and all such cities shall have the right and power to provide in their charters for any method or methods of nonpartisan nomination . . . as they may desire."

This provision of the statute seems too plain for construction. Under its express terms, the act does not apply to cities of the first class which have adopted nonpartisan methods of nominating candidates for city offices. In short such cities are excluded from all its provisions, and are authorized to provide in their charters for any method of nonpartisan nomination they may desire. The city of Seattle did provide a complete method of nonpartisan nominations for city elective officers. It seems plain, therefore, that the act does not apply to the city of Seattle. The statute, in addition to providing that the act shall not apply to such cities, expressly provides that such cities shall have the right to provide for any method of nonpartisan nominations of candidates as they may desire. The payment of fees by persons who desire to file certificates and become candidates is as much a part of the method of nominating candidates as the provisions relating to voting, or preparing and distributing the ballots, or making returns of the vote when cast. In providing the method of nonpartisan nominations, the city made no provision for fees. If the city had desired to collect fees from candidates, a provision would have been made to that effect. No fees being provided for, none are collectible.

We are satisfied that the trial court properly construed the statute. The order appealed from is therefore affirmed.

ELLIS, MORRIS, and FULLERTON, JJ., concur.